JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
     E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
     E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
     E-mail: jvener@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>A & S ELECTRONICS, INC., a California Corporation d/b/a TRUSTPRICE; SPOT.ME PRODUCTS LLC, a Nevada Limited Liability Company; ALAN Z. LIN, an Individual; BUDGET COMPUTER, a business entity of unknown status; COMPUTECHSALE, LLC, a New Jersey Limited Liability Company; EXPRESSCOMM INTERNATIONAL INC., a California Corporation; FAIRTRADE CORPORATION, a business entity of unknown status, FCO ELECTRONIC, a business entity of unknown status; ITR CONSULTING GROUP, LLC, a Texas Limited Liability Company; RELIABLE BUSINESS PARTNER, INC., a New York Corporation; LESTER WIEGERS, an individual doing business as ULTRAELECTRONICS; and DOES 1-10, Inclusive,<br><br>       Defendants. | Case No.:  5:16-cv-04144<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / Lanham Act §32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / Lanham Act §43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)]; and**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)]**<br><br>**[DEMAND FOR JURY TRIAL]** |

/ / /

/ / /

COMES NOW, Plaintiff Adobe Systems Incorporated (hereinafter "Plaintiff") which hereby files its Complaint for Damages against Defendants A & S Electronics, Inc. d/b/a Trustprice; Spot.me Products LLC; Alan Z. Lin; Budget Computer; Computechsale, LLC; Expresscomm International, Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group, LLC; Reliable Business Partner, Inc.; Lester Wiegers d/b/a Ultraelectronics; and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.      Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2.      Plaintiff is informed and believes that Defendant A & S Electronics, Inc., is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation doing business as Trustprice and incorporated and existing under the laws of the State of California, having its principal place of business in Milpitas, California.

3.      Plaintiff is informed and believes that Defendant Spot.Me Products LLC, is now, and was at the time of the filing of this Complaint and at all intervening times, a limited liability company doing business as Trustprice and organized and existing under the laws of the State of Nevada but actually operating from an address it shares with Defendant A&S Electronics, Inc., in Milpitas, California.

4.      Plaintiff is informed and believes that Defendant Alan Z. Lin is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing in Milpitas, California.

5.      Plaintiff is informed and believes that Defendant Alan Z. Lin is the owner of Defendants A & S Electronics, Inc., and Spot.Me Products LLC.

6.      Plaintiff is informed and believes that, since the time of their creation, now, and at all times relevant to this Complaint, Defendants A & S Electronics, Inc., and Spot.Me Products LLC, are and have been nothing more than the alter egos of Defendant Alan Z. Lin, and that Defendants A & S Electronics, Inc., and Spot.Me Products LLC, were incorporated and organized solely for the purposes of providing a veil through which Defendant Alan Z. Lin could,

does and has willfully and intentionally infringed Plaintiff's intellectual property rights as well as evade California State income tax.

7.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant A & S Electronics, Inc., and Spot.Me Products LLC, did not and do not have sufficient funding to assume responsibility for their foreseeable and actual liabilities.

8.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant A & S Electronics, Inc., and Spot.Me Products LLC, were undercapitalized.

9.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant A & S Electronics, Inc., and Spot.Me Products LLC, have failed to observe formalities required by law.

10.     Plaintiff is informed and believes that Defendants Alan Lin controls and operates Defendants A & S Electronics, Inc., and Spot.Me Products LLC. Plaintiff is further informed and believes that Defendant Alan Lin personally participated in and/or had the right and ability to supervise, direct and control Defendants A & S Electronics, Inc.'s and Spot.Me Products LLC's wrongful conduct as alleged in this Complaint, derived direct financial benefit from that wrongful conduct, and is personally liable for the wrongful conduct.  Through his personal actions and ratification of Defendants A & S Electronics, Inc.'s and Spot.Me Products LLC's infringing conduct, Defendant Alan Lin contributed to the wrongdoing conducts that caused damages to Plaintiff.  Through his control and supervision, Defendant Alan Lin is also vicariously liable for the infringing conduct of Defendants A & S Electronics, Inc.'s and Spot.Me Products LLC's.

11.     Plaintiff is informed and believes that Defendant Budget Computer, is now, and was at the time of the filing of this Complaint, and at all intervening times, a business entity of unknown status, having its principal place of business in Yonkers, New York.

12.     Plaintiff is informed and believes that Defendant Computechsale LLC is now, and was at the time of the filing of this Complaint, and at all intervening times, a limited liability company organized under the laws of the New Jersey and having its principal place of business

in Whippany, New Jersey.

13.     Plaintiff is informed and believes that Defendant Expresscomm International Inc. is now, and was at the time of the filing of this Complaint, and at all intervening times, a Corporation incorporated under the laws of the State of California and having its principal place of business in Rowland Heights, California.

14.     Plaintiff is informed and believes that Defendant Fairtrade Corporation, is now, and was at the time of the filing of this Complaint, and at all intervening times, a business entity of unknown status, having its principal place of business in Mercer Island, Washington.

15.     Plaintiff is informed and believes that Defendant FCO Electronics, is now, and was at the time of the filing of this Complaint, and at all intervening times, a business entity of unknown status, having its principal place of business in Desert Hot Springs, California.

16.     Plaintiff is informed and believes that Defendant ITR Consulting Group, LLC, is now, and was at the time of the filing of this Complaint, and at all intervening times, a limited liability company under the laws of the State of Texas and having its principal place of business in Frisco, Texas.

17.     Plaintiff is informed and believes that Defendant Reliable Business Partner, Inc., is now, and was at the time of the filing of this Complaint, and at all intervening times, a corporation incorporated under the laws of the State of New York and having its principal place of business in Brooklyn, New York.

18.     Plaintiff is informed and believes that Defendant Lester Wiegers is an individual doing business as Ultraelectronics, and is now, and was at the time of the filing of this Complaint, and at all intervening times, residing in Ashburn, Virginia.

19.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this pleading accordingly.

20.     Plaintiff further alleges that the named Defendants, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the

1   named Defendants upon the causes of action hereinafter set forth.

2       21.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

3   herein the named Defendant, and Does 1-10, inclusive, and each of them, were the agents,

4   servants and employees of every other Defendant and the acts of each Defendant, as alleged

5   herein, were performed within the course and scope of that agency, service or employment.

6                                    **JURISDICTION**

7       22.    This Court has Federal subject matter jurisdiction over this matter pursuant to 28

8   U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark

9   infringement, false designation of origin / false or misleading advertising / unfair competition

10  and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), copyright infringement under 17

11  U.S.C. §501(a).

12      23.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and

13  1338 (a)(b).

14      24.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on

15  information and belief, a substantial part of the events or omissions giving rise to the claim

16  occurred in this judicial district, and has caused damages to Plaintiff in this district.

17      25.    This Court has personal jurisdiction over Defendants since Defendants have

18  committed acts of infringement and unfair competition in this district, Defendants reside within

19  this district and Defendants have sufficient minimum contacts with this district such that the

20  exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair

21  play and substantial justice. Among other things, Defendants have advertised, offered to sell and

22  sold unauthorized and counterfeit software products that infringe the trademarks and copyrights

23  of Plaintiff within the State of California.

24      26.    Personal jurisdiction exists over Defendants because on information and belief,

25  Defendants conduct business in California and in this judicial district, have purposefully directed

26  action to California and this district, or have otherwise availed themselves of the privileges and

27  protections of the laws of the State of California, such that this Court's assertion of jurisdiction

28  over Defendants does not offend traditional notions of fair play and due process. Additionally,

1   supplemental jurisdiction exists over Defendants because, on information and belief, Defendants

2   conduct business in California and in this judicial district, and have purposefully directed action

3   to California and this district, or have otherwise availed themselves of the privileges and

4   protections of the laws of the State of California, such that this Court's assertion of jurisdiction

5   over Defendants does not offend traditional notions of fair play and due process. Without

6   Plaintiff's consent or authority, Defendants Budget Computer; Computechsale, LLC;

7   Expresscomm International, Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group,

8   LLC; Reliable Business Partner, Inc.; and Lester Weigers d/b/a Ultraelectronics used Plaintiff's

9   registered trademarks and copyrighted software in their advertising and marketing to California

10  businesses, sold infringing Adobe software to Defendants A & S Electronics, Inc. d/b/a

11  Trustprice; Spot.me Products LLC; Alan Z. Lin in the State of California, and shipped infringing

12  Adobe software into the State of California, including this jurisdiction.  Defendants A & S

13  Electronics, Inc.; Spot.me Products LLC; and Alan Z. Lin then resold the same infringing Adobe

14  software from the State of California.

15          27.     Defendants Budget Computer; Computechsale, LLC; Expresscomm International,

16  Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group, LLC; Reliable Business

17  Partner, Inc.; and Lester Weigers d/b/a Ultraelectronics are Defendants A&S Electronics, Inc.'s,

18  Spot.Me Products LLC's, and Alan Z. Lin's sources for and sold to Defendants A&S Electronics,

19  Inc., Spot.Me Products LLC, and Alan Z. Lin infringing computer software bearing Plaintiff's

20  registered trademarks and containing its registered copyrighted works.  Each and every

21  Defendant should have known, or actually did know, that they were not authorized to advertise,

22  offer for sale, and sale infringing software but conspired with one another in their conduct to

23  create a secondary market selling infringing Adobe software.  These same facts and transactions,

24  and the joint conduct of all Defendants, form the same nucleus of operative facts with the same

25  question of law and facts, making Defendants jointly and severally liable to Adobe for the claims

26  asserted in this Complaint.

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES - CASE NO.: 5:16-cv-04144**

1

**INTRADISTRICT ASSIGNMENT**

2
3
4
5

28.     Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

6
7
8
9

29.     Assignment to the San Jose Division would nonetheless be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located, as well as Defendants A & S Electronics, Inc. and Alan Z. Lin.

10

**GENERAL ALLEGATIONS**

11

**Plaintiff and its Famous ADOBE® Software Products**

12
13
14
15
16
17
18

30.     Plaintiff is a global leader in developing and distributing innovative computer software.  Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media.  The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers.  Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

19
20
21
22
23
24
25
26

31.     The success of Plaintiff's products and services is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its ADOBE® products, services and marks, including ADOBE®, A®, A ADOBE®, ACROBAT® ADOBE FLASH®, ADOBE PHOTOSHOP®, ADOBE PREMIERE® CREATIVE SUITE®, DREAMWEAVER®, FLASH®, and PHOTOSHOP® marked products and services.

27
28

32.     The success of the Plaintiff's software and other products and services related thereto is not due to Plaintiff's promotional efforts alone.  Rather, the popularity of Plaintiff's

products is also due in part to consumers, and the word of mouth buzz consumers have generated.

33.     As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the Plaintiff's trademark and the software, products, and services marked with Plaintiff's trademarks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiff's software and other products and services, and have come to recognize Plaintiff's trademarks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, Plaintiff's trademarks are famous in the United States.

34.     While Plaintiff has gained significant common law trademark and other rights in its products and services through their use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

35.     Plaintiff has secured registrations for the following trademarks, amongst others, with the United States Patent and Trademark Office (collectively, hereinafter "Plaintiff's Trademarks").

a.  ADOBE® word and design marks protected by USPTO Reg. Nos.: 4,488,273; 4,091,792;  4,091,791;  4,087,358;  4,083,556;  3,940,171;  3,029,061;  1,988,712; 1,956,216; 1,486,895; and 1,475,793.

b.  ACROBAT® word and design marks protected by USPTO Reg. Nos.: 3,652,384; 3,652,383; 3,652,382; 2,068,523; and 1,833,219.

c.  A® word and design marks protected by USPTO Reg. Nos.: 4,488,280; 4,488,279; 4,186,925; 4,183,465; 4,087,369; 4,083,558; 3,032,288; 2,081,343; and 1,988,710.

d.  Design marks consisting of a stylized letter "A" protected by USPTO Reg. Nos.: 3,652,388; 3,652,386; 3,652,387; 1,988,711; and 1,852,943.

e.  The A ADOBE® design mark protected by USPTO Reg. No.: 1,901,149.

f.  The ADOBE FLASH® trademark protected by USPTO Reg. No.: 3,949,317.

g.  The ADOBE PHOTOSHOP® trademark protected by USPTO Reg. No.: 1,651,380.

h. The ADOBE PREMIERE® trademark protected by USPTO Reg. No. 1,769,184.

i. The CREATIVE SUITE® trademark protected by USPTO Reg. No. 3,111,341.

j. The DREAMWEAVER trademark protected by USPTO Reg. No. 2,294,926.

k. FLASH® trademarks protected by USPTO Reg. Nos. 3,942,255; 2,855,434; and 2,852,245.

l. PHOTOSHOP® trademarks protected by USPTO Reg. Nos.: 3,702,607; 2,920,764; and 1,850,242.

36.     Similarly, Plaintiff's trademarked software is copyrightable subject matter, and Plaintiff has secured the following registrations for its copyrightable software, among others, with the United States Copyright Office ("USCO")(collectively, hereinafter, "Plaintiff's Copyrights").

a. Plaintiff's "Creative Suite 5.5 Master Collection" work of authorship registered with the USCO under the Reg. No.: TX0007409496.

b. Plaintiff's "Adobe Dreamweaver CS5.5" work of authorship registered with the USCO under the Reg. No.: TX0007405555.

c. Plaintiff's "Adobe Flash Professional CS5.5" work of authorship registered with the USCO under the Reg. No.: TX0007405416.

d. Plaintiff's "Adobe Creative Suite 5.5 Web Premium" work of authorship registered with the USCO under the Reg. No.: TX0007409502.

e. Plaintiff's "Adobe Creative Suite 5.5 Design Standard" work of authorship registered with the USCO under the Reg. No.: TX0007409391.

f. Plaintiff's "Adobe Photoshop CS5 Extended" work of authorship registered with the USCO under the Reg. No.: TX0007285454.

g. Plaintiff's "Adobe Photoshop CS5" work of authorship is registered with the USCO under the Reg. No.: TX0007268516.

h. Plaintiff's "Adobe Photoshop CS6 Extended" work of authorship registered with the USCO under the Reg. No.: TX0007554299.

i. Plaintiff's "Adobe Photoshop Elements 7" work of authorship registered with the

USCO under the Reg. No.: TX0006889638.

j.   Plaintiff's "Adobe Photoshop Elements 8" work of authorship registered with the USCO under the Reg. No.: TX0007138479.

k.   Plaintiff's "Photoshop Elements 9 for Windows" work of authorship registered with the USCO under the Reg. No.: TX0007296579.

l.   Plaintiff's "Adobe Premiere Elements 9" work of authorship registered with the USCO under the Reg. No.: TX0007348276.

m.   Plaintiff's "Adobe Acrobat 5.0 for Windows" work of authorship registered with the USCO under the Reg. No.: TX0005545265.

n.   Plaintiff's "Adobe Acrobat 6.0 for Macintosh" work of authorship registered with the USCO under the Reg. No.: TX0005748744.

o.   Plaintiff's "Adobe Acrobat 6.0 for Windows" work of authorship registered with the USCO under the Reg. No.: TX0005748745.

p.   Plaintiff's "Adobe Acrobat 7.0 Professional for Macintosh" work of authorship registered with the USCO under the Reg. No.: TX0006045085.

q.   Plaintiff's "Adobe Acrobat 8 standard for Windows" work of authorship registered with the USCO under the Reg. No.: TX0006390828.

r.   Plaintiff's "Adobe Acrobat 8 professional for Windows" work of authorship registered with the USCO under the Reg. No.: TX0006390827.

s.   Plaintiff's "Adobe Acrobat 9 Standard for Windows" work of authorship registered with the USCO under the Reg. No.: TX0006861285.

t.   Plaintiff's "Adobe Acrobat 9 Pro for Window and Macintosh" work of authorship registered with the USCO under the Reg. No.: TX0006861289.

u.   Plaintiff's "Adobe Acrobat XI Pro" work of authorship registered with the USCO under the Reg. No.: TX0007624519.

/ / /

/ / /

/ / /

**Plaintiff's Software Use-License Restrictions**

37.     As part of its international licensing and distribution programs, Plaintiff imposes various restrictions on the use, distribution and re-sale of all ADOBE® software by end consumers through Software License Agreements ("SLA"). Every piece of ADOBE®-branded software is licensed to the end consumer, solely for use by consumers, through the SLA. And consumers, pursuant to the SLA, obtain no title in any copy of any ADOBE®-branded software. Plaintiff's SLA also explicitly prohibits resale of any ADOBE®-branded product. Indeed, every distribution agreement between Plaintiff and its authorized ADOBE®-branded product resellers clearly state that all ADOBE®-branded software products may only be resold subject to a license, and anyone obtaining any ADOBE®-branded software is only granted a license, pursuant to Plaintiff's SLA to use the product.  Plaintiff maintains title to the ADOBE®-branded software at all times and at no point does it transfer any ownership of title to any party, be it an authorized reseller, or consumer.

**Plaintiff's "Adobe Partner Connection Reseller Program"**

38.     Plaintiff is aware that its customers rely on software resellers to provide them not only with products but also with dependable, reliable and competent advice on the features and benefits of Plaintiff's products and on their specific suitability to address business challenges.

39.     Defendants A&S Electronics, Inc., and Alan Z. Lin entered into an Adobe Partner Connection Program Reseller Agreement ("APCPRA") with Plaintiff as part of Plaintiff's Adobe Partner Connection Reseller Program.

40.     Pursuant to the SLA and APCPRA, Original Equipment Manufacturer ("OEM") versions of Adobe-Branded Software are intended to be distributed only with approved hardware components as a bundle, such as a computer, laptop, printer, or camera.  OEM software may not be unbundled and distributed separately from the specific hardware components for which they were intended.  OEM software is not the same as full retail versions of the same type of Adobe-Branded Software, usually offering less functionality and no technical support.

41.     Also, Plaintiff distributes different versions of Adobe-Branded Software in different geographic regions. All Adobe-Branded Software authorized for distribution throughout

the United States is manufactured in the United States and states the same on the packaging. Adobe-Branded Software intended for distribution outside of North America is not authorized or licensed to be imported into or distributed in the United States, and the SLA and APCPRA specifically prohibit the same.  All software, which indicates that it was made or printed in a country other than the United States, is not licensed or authorized to be imported or distributed in the United States.

42.    Further, pursuant to the terms of the APCPRA, authorized Adobe resellers may only order ADOBE®- branded software products from authorized sources.

43.    Additionally, in order to sell Student and Teacher edition and/or Education edition versions of Plaintiff's software (*i.e.* "EDU"), a reseller must be specifically authorized to sell EDU software via an APCPRA. Additionally, if an APCPRA does authorize the sale of EDU software, the APCPRA require resellers to confirm that those seeking to purchase EDU software are qualified to receive it (*i.e.* provide proof of their status as a student or educator). Because the market in which EDU software is offered for sale, EDU software is offered at a reduced price to qualified purchasers. Defendants A&S Electronics, Inc., and Alan Z. Lin's APCPRA does not authorize these Defendants to advertise, market or sell Adobe EDU software.

44.    Further, in order to sell Plaintiff's products as Electronic Software Downloads ("ESD"), a reseller must be specifically authorized by Plaintiff to sell ESD versions of Plaintiff's software products or else the product is unauthorized. Defendants A&S Electronics, Inc., and Alan Z. Lin's APCPRA does not authorize these Defendants to offer for sale or sell ESD software.

45.    Additionally, Plaintiff implements an activation system for its software products that involves the activation of software through product keys. Generally, when customers install Plaintiff's software on a device, they must enter a serial number license key in order to activate and use the software. Accordingly, serial number licenses keys are a necessary component of Plaintiff's software, including in the copying, use and distribution of same as, without them, the software either cannot be installed or remains in a non-activated "trial" setting. These keys are often distributed on counterfeit labels or cards by infringers. One frequent form of software

**COMPLAINT FOR DAMAGES - CASE NO.: 5:16-cv-04144**

1    piracy is the unauthorized and infringing distribution of Plaintiff's product activation keys which

2    have been decoupled from the software for which they were intended to activate. The

3    unauthorized distribution of serial number license keys enables end users to access and activate

4    unauthorized copies of Plaintiff's software which are not licensed for their use and for which

5    Plaintiff has received no revenue. Most often, end users of unlicensed copies of Plaintiff's

6    software are deceived by their software vendor's advertising and methods of distribution into

7    believing they have purchased genuine, license software, when the opposite is true. Accordingly,

8    Plaintiff's SLAs and APCPRA specifically prohibit the splitting or decoupling of serial number

9    licenses keys and the separate resale of same.

10        46.    Moreover, with regards to an authorized reseller's advertisement of Plaintiff's

11   products, the APCPRA grants a limited, non-transferable license to, solely for and in connection

12   with the marketing, advertising, and promotion of Plaintiff's products by authorized resellers, to

13   use, with approval, Plaintiff's visual displays, logos, slogans, designs, images, and marks.

14   However, the use of Plaintiff's visual displays, logos, slogans, designs, images, and marks to

15   advertise for the sale of unauthorized and/or counterfeit Adobe products is breach of the

16   APCPRA agreement and violation of Plaintiff's intellectual property rights.

17                          **Defendants' Infringing Conduct**

18        47.    In light of the success of Plaintiff and Plaintiff's products as well as the reputation

19   they have gained, Plaintiff and its products have become targets for unscrupulous individuals and

20   entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has spent

21   considerable effort to build up in its products and marks, and the works embodied in Plaintiff's

22   software products. A large number of individuals and entities deal in unauthorized, pirated and

23   counterfeit versions of Plaintiff's marked software products and other products and services.

24   Their actions vary and include manufacturing, copying, exporting, importing, advertising,

25   promoting, selling, and distributing counterfeit and otherwise unauthorized products bearing or

26   embodying Plaintiff's Trademarks and Plaintiff's Copyrights.

27        48.    Plaintiff investigates and enforces against such activity, and through reviewing

28   www.Trustprice.com, learned of Defendants and Defendants' actions, advertising, sales and

1    infringing conduct.

2         49.    Defendants A&S Electronics, Inc., Spot.Me Products LLC, and Alan Z. Lin own

3    and operate an interactive Internet website, www.Trustprice.com, offering for sale various

4    software products, including altered, unauthorized and/or counterfeit software products bearing

5    Plaintiff's Trademarks and embodying Plaintiff's Copyrights.

6         50.    On information and belief, Defendants A&S Electronics, Inc., Spot.Me Products

7    LLC, and Alan Z. Lin sold numerous altered, unauthorized unbundled, EDU, ESD, grey market,

8    OEM and/or counterfeit software products and/or serial number license keys cards bearing

9    Plaintiff's Trademarks and embodying Plaintiff's Copyrights all in violation of Plaintiff's

10   Trademarks and Plaintiff's Copyrights.

11        51.    Further, by using Plaintiff's visual displays, logos, slogans, designs, images and

12   marks, which are embodied in Plaintiff's copyright protected works of authorship, to advertise

13   and/or promote the sale of unauthorized and/or counterfeit versions of Plaintiff's software on

14   their website and other channels, Defendants A&S Electronics, Inc., and Alan Z. Lin have

15   infringed Plaintiff's intellectual property rights.

16        52.    Upon further investigation by Plaintiff of Defendants A&S Electronics, Inc.,

17   Spot.Me Products LLC, and Alan Z. Lin, it has become apparent that these Defendants are

18   engaged in an ongoing piratical concern whose primary business consists of systematically

19   infringing upon Plaintiff's Trademarks and Plaintiff's Copyrights in order to generate substantial

20   illegal revenues.

21        53.    On information and belief, Defendants Budget Computer; Computechsale, LLC;

22   Expresscomm International, Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group,

23   LLC; Reliable Business Partner, Inc.; and Lester Wiegers d/b/a Ultraelectronics are Defendants

24   A&S Electronics, Inc.'s, Spot.Me Products LLC's, and Alan Z. Lin's sources for and sold to

25   Defendants A&S Electronics, Inc., Spot.Me Products LLC, and Alan Z. Lin altered, unbundled,

26   EDU, grey market, OEM and/or counterfeit software products and/or serial number license keys

27   bearing Plaintiff's Trademarks and embodying Plaintiff's Copyrights.

28

54.     Defendants Budget Computer; Computechsale, LLC; Expresscomm International, Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group, LLC; Reliable Business Partner, Inc.; and Lester Wiegers d/b/a Ultraelectronics are not and have never been authorized by Plaintiff to sell any products bearing or embodying any of Plaintiff's Trademarks and Plaintiff's Copyrights.

55.     On information and belief, Defendants Budget Computer; Computechsale, LLC; Expresscomm International, Inc.; Fairtrade Corporation; FCO Electronic; ITR Consulting Group, LLC; Reliable Business Partner, Inc.; and Lester Wiegers d/b/a Ultraelectronics purchased and then sold in the stream commerce unauthorized software products embodying Plaintiff's Trademarks and Copyrights from mostly unauthorized sources and resold the same to end users in the United States.

56.     Defendant Budget Computer has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization OEM versions of Adobe Acrobat 9 Standard, which were then illegally advertised, marketed, offered for sale, and resold by these latter Defendants.

57.     Defendant Computechsale, LLC has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization OEM versions of Adobe Acrobat 9 Standard, which were then illegally advertised, marketed, offered for sale, and resold by these latter Defendants.

58.     Defendant Expresscomm International, Inc., has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization OEM versions of Adobe Acrobat 9 Standard, which were then illegally advertised, marketed, offered for sale, and resold by these latter Defendants.

59.     Defendant Fairtrade Corporation has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics,

Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization copies of Adobe Acrobat 9 Standard and Adobe Acrobat XI Pro, which were then illegally advertised, marketed, offered for sale, and resold by these latter Defendants.

60.   Defendant FCO Electronics has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin without authorization OEM versions of Adobe Acrobat 9 Standard, which were then advertised, marketed, offered for sale, and resold by these latter Defendants.

61.   Defendant ITR Consulting Group, LLC, has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization OEM versions of Adobe Acrobat 8 and 9 Standard, as well as OEM versions of Adobe Photoshop Elements 7, which were then advertised, marketed, offered for sale, and resold by these latter Defendants.

62.   Defendant Reliable Business Partner has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization without authorization copies of Adobe Acrobat 8 and 9, which were then advertised, marketed, offered for sale, and resold by these latter Defendants.

63.   Defendant Lester Wiegers d/b/a Ultraelectronics has infringed upon Plaintiff's Trademarks and Plaintiff's Copyrights, including by, but not limited to, selling to Defendants A&S Electronics, Inc., Spot.Me Products LLC, and/or Alan Z. Lin, without authorization copies of Adobe Acrobat 8 and 9, which were then advertised, marketed, offered for sale, and resold by these latter Defendants.

64.   By these sales and on information and belief, all Defendants have advertised, marketed, offered to sale, sold and distributed numerous counterfeit and/or unauthorized software products that infringe on Plaintiff's Trademarks and Copyrights. Defendants' other numerous dealings in counterfeit and/or unauthorized product (including importing, advertising,

1  displaying, distributing, selling and/or offering to sell counterfeit and/or unauthorized product)

2  violate Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are

3  confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's

4  trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.

5  Defendants' conduct and use began long after Plaintiff's adoption and use of Plaintiff's

6  Trademarks, after Plaintiff obtained registration for Plaintiff's Copyrights and Plaintiff's

7  Trademarks, and after Plaintiffs Trademarks became famous. Indeed, Defendants had knowledge

8  of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged

9  herein, and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's

10  marks.

11  65.     Defendants' actions were committed in bad faith and with the intent to dilute

12  Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and

13  the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or

14  Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have

15  traded upon and diminished Plaintiff's goodwill.

16  66.     In committing these acts, Defendants have, among other things, negligently,

17  recklessly, or willfully and in bad faith committed the following, all of which has and will

18  continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's Trademarks;

19  (ii) infringed Plaintiff's Copyrights; (iii) applied counterfeit marks; (iv) misled the public into

20  believing there is an association or connection between Defendants and Plaintiff and/or the

21  products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on

22  or in connection with its goods and services; (vi) committed unfair competition; (vii) and

23  unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause

24  irreparable harm to Plaintiffs.

25  / / /

26  / / /

27  / / /

28

1

**FIRST CAUSE OF ACTION**

2

**(Infringement of Registered Trademarks Against Defendants A & S ELECTRONICS, INC.**

3

**D/B/A TRUSTPRICE; SPOT.ME PRODUCTS LLC; ALAN Z. LIN; BUDGET**

4

**COMPUTER; COMPUTECHSALE, LLC; EXPRESSCOMM INTERNATIONAL, INC.;**

5

**FAIRTRADE CORPORATION; FCO ELECTRONIC; ITR CONSULTING GROUP,**

6

**LLC; RELIABLE BUSINESS PARTNER, INC.; LESTER WIEGERS D/B/A**

7

**ULTRAELECTRONICS, and Does 1-10, Inclusive)**

8

**[15 U.S.C. §1114/Lanham Act §32(a)]**

9

67.     Plaintiff repeats and re-alleges every allegation set forth in the foregoing

10

Paragraphs.

11

68.     Plaintiff has continuously used Plaintiff's Trademarks in interstate commerce

12

since at least as early as 1990.

13

69.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's

14

Trademarks, has standing to maintain an action for trademark infringement under the Trademark

15

Statute 15 U.S.C. §1114.

16

70.     Defendants are and at the time of their actions complained of herein were actually

17

aware, or should have been aware of, that Plaintiff is the registered trademark holder of

18

Plaintiff's Trademarks.

19

71.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as

20

the registered owner of Plaintiff's Trademarks to deal in and commercially advertised, marketed,

21

distributed, and sole software products marked with Plaintiff's Trademarks into the stream of

22

commerce.

23

72.     Defendants negligently, recklessly, intentionally or knowingly used in commerce

24

the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's Trademarks in

25

connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by

26

offering, advertising, promoting, retailing, selling, and distributing counterfeit and/or

27

unauthorized products marked with Plaintiff's Trademarks.

28

/ / /

73.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit products bearing Plaintiff's Trademarks.

74.     Defendants' negligent, reckless, egregious or intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff because, on information and belief, Defendants' counterfeit and/or unauthorized products bear spurious copies of Plaintiff's Trademarks, which are strong, because these trademarks have been placed on products identical to those under which Plaintiff sells its authentic products, because Defendants sell through the same channels of commerce and in the same markets used by Plaintiff to substantially the same customers whom are not likely to use a high degree of care in making purchasing decisions, and because Defendants knowingly adopted spurious copies of Plaintiff's Trademarks with the intent to cause consumer confusion.

75.     Defendants should have known or have actual or constructive knowledge of Plaintiff's exclusive rights and goodwill in Plaintiff's Trademark.

76.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

77.     Defendants' continued use of Plaintiff's Trademarks without Plaintiff's consent or authorization constitutes infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

1

## SECOND CAUSE OF ACTION

2

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition**

3

**Against Defendants A & S ELECTRONICS, INC. D/B/A TRUSTPRICE; SPOT.ME**

4

**PRODUCTS LLC; ALAN Z. LIN; BUDGET COMPUTER; COMPUTECHSALE, LLC;**

5

**EXPRESSCOMM INTERNATIONAL, INC.; FAIRTRADE CORPORATION; FCO**

6

**ELECTRONIC; ITR CONSULTING GROUP, LLC; RELIABLE BUSINESS PARTNER,**

7

**INC.; LESTER WIEGERS D/B/A ULTRAELECTRONICS, and Does 1-10, Inclusive)**

8

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

9    78.    Plaintiff repeats and re-alleges every allegation set forth in the foregoing

10   Paragraphs.

11   79.    Plaintiff, as the owner of all common law right, title, and interest in and to the

12   Plaintiff's Trademarks, has standing to maintain an action for false designation of origin and

13   unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C.

14   §1125).  Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness.

15   80.    Plaintiff advertises, markets, distributes, and licenses its products and related

16   components under Plaintiff's Trademarks, and uses these trademarks to distinguish Plaintiff's

17   software and related components from the software and products of others in the same field or

18   related fields.

19   81.    Because of Plaintiff's long, continuous, and exclusive use of Plaintiff's

20   Trademarks, these marks have come to mean, and are understood by customers, end users, and

21   the public to signify, the software or services of Plaintiff.

22   82.    On information and belief, Defendants' wrongful conduct includes the use of

23   Plaintiff's marks, name, and/or imitation visual designs (specifically displays, logos, icons,

24   graphic designs, and/or packaging virtually indistinguishable from Plaintiff's visual designs) in

25   connection with their goods and services.

26   83.    Upon information and belief, Defendants engaged in such wrongful conduct with

27   the purpose or misleading or confusing customers and the public as to the origin and authenticity

28   of the goods and services advertised, marketed, installed, offered or distributed in connection

- 20 -

**COMPLAINT FOR DAMAGES - CASE NO.: 5:16-cv-04144**

with Plaintiff's marks, name, and imitation visual designs, and of trading upon Plaintiff's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

84.     Further, Defendants have made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of unlicensed versions of Plaintiff's software, including without limitation, that Defendants are offering authorized versions of Plaintiff's software through their websites and otherwise.

85.     Defendants' false and misleading representations and descriptions of fact were made in commercial advertising and promotion, including without limitation, in connection with the offering for sale and sale of unlicensed and unauthorized copies of Plaintiff's software through their websites and otherwise.

86.     Defendants' use of Plaintiff's Copyrights and Plaintiff's Trademarks and their false and misleading representations and descriptions of fact in interstate commerce in connection with their offering for sale of unauthorized versions of Plaintiff's products has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

87.     Defendants have used and continue to use Plaintiff's Copyrights and Plaintiff's Trademarks to compete unfairly with Plaintiff and to deceive customers.

88.     Defendants' wrongful conduct therefore constitutes false advertising and federal unfair competition in violation of 15 U.S.C. §1125(a).

89.     Additionally, Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to Plaintiff's Trademarks and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

90.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Trademarks.

91.     On information and belief, the conduct of Defendants has been negligent, reckless, knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights because, on information and belief, Defendants' counterfeit and/or unauthorized products bear spurious copies of Plaintiff's Trademarks, which are strong, because these trademarks have been placed on products identical to those under which Plaintiff sells its authentic products, because Defendants sell through the same channels of commerce and in the same markets used by Plaintiff to substantially the same customers whom are not likely to use a high degree of care in making purchasing decisions, and because Defendants knowingly adopted spurious copies of Plaintiff's Trademarks with the intent to cause consumer confusion.

92.     Further, by selling altered, unauthorized unbundled, EDU, ESD, grey market, OEM and/or counterfeit software products and/or serial number license keys cards bearing Plaintiff's Trademarks and embodying Plaintiff's Copyrights, Defendants' customers have been misled by Defendants that the product they purchased is an authentic software product with full functionality or with technical support, updates, and patches provided by Plaintiff.

93.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

94.     Defendants' sale of fake, pirated and counterfeit items bearing Plaintiff's Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products embodying Plaintiff's Trademarks and Plaintiff's Copyrights.

95.     Defendants' continuing use of Plaintiff's Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

96.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.   As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products marked with Plaintiff's Trademarks in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial.   Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

97.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Dilution Against Defendants A & S ELECTRONICS, INC. D/B/A TRUSTPRICE; SPOT.ME PRODUCTS LLC; ALAN Z. LIN; BUDGET COMPUTER; COMPUTECHSALE, LLC; EXPRESSCOMM INTERNATIONAL, INC.; FAIRTRADE CORPORATION; FCO ELECTRONIC; ITR CONSULTING GROUP, LLC; RELIABLE BUSINESS PARTNER, INC.; LESTER WIEGERS D/B/A ULTRAELECTRONICS, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

98.     Plaintiff repeats and re-alleges every allegation set forth in the foregoing Paragraphs.

99.     Plaintiff's Trademarks are distinctive and famous within the meaning of the Lanham Act.

100.     Since at least 1993, Plaintiff has exclusively and continuously used the ADOBE®

Trademark protected by USPTO Reg. Nos.: 4,488,273; 2,091,792; 4,091,791; 4,087,358; 4,083,556; 3,940,171; 3,029,061; 1,988,712; 1,956,216; 1,486,895; and 1,475,793. As one of the world's most well-known software companies, the ADOBE® mark has become a famous and well known symbol of Plaintiff.

101.    Since at least 1993, Plaintiff has exclusively and continuously used the ACROBAT® Trademark protected by USPTO Reg. Nos.: 3,652,384; 3,652,383; 3,652,382; 2,068,523; and 1,833,219. As one of the world's most well-known software products, the ACROBAT® mark has become a famous and well known symbol of Plaintiff.

102.    Since at least 1993, Plaintiff has exclusively and continuously used the A ADOBE® Trademark protected by USPTO Reg. No.: 1,901,149. As one of the world's most well-known software companies, the A ADOBE® mark has become a famous and well known symbol of Plaintiff.

103.    Since at least 1993, Plaintiff has exclusively and continuously used the A® Trademark protected by USPTO Reg. Nos.: 4,488,280; 4,488,279; 4,186,925; 4,183,465; 4,087,369; 4,083,558; 3,032,288; 2,081,343; and 1,988,710. As one of the world's most well-known software companies, Plaintiff's A® symbol has become a famous and well known symbol of Plaintiff.

104.    Since at least 2009, Plaintiff has exclusively and continuously used the ADOBE FLASH® Trademark protected by USPTO Reg. No.: 3,949,317. As one of the world's most well-known software companies, Plaintiff's ADOBE FLASH® trademark has become a famous and well known symbol of Plaintiff.

105.    Since at least 1990, Plaintiff has exclusively and continuously used the ADOBE PHOTOSHOP® Trademark protected by USPTO Reg. No.: 1,651,380. As one of the world's most well-known software companies, Plaintiff's ADOBE PHOTOSHOP® trademark has become a famous and well known symbol of Plaintiff.

106.    Since at least 1991, Plaintiff has exclusively and continuously used the ADOBE PREMIERE® Trademark protected by USPTO Reg. No. 1,769,184. As one of the world's most well-known software companies, Plaintiff's ADOBE PREMIERE® trademark has become a

famous and well known symbol of Plaintiff.

107.   Since at least 1991, Plaintiff has exclusively and continuously used the CREATIVE SUITE® Trademark protected by USPTO Reg. No. 3,111,341. As one of the world's most well-known software companies, Plaintiff's CREATIVE SUITE® trademark has become a famous and well known symbol of Plaintiff.

108.   Since at least 1997, Plaintiff has exclusively and continuously used the DREAMWEAVER® Trademark protected by USPTO Reg. No. 2,294,926. As one of the world's most well-known software companies, Plaintiff's DREAMWEAVER® trademark has become a famous and well known symbol of Plaintiff.

109.   Since at least 1997, Plaintiff has exclusively and continuously used the FLASH® Trademark protected by USPTO Reg. Nos. 3,942,255; 2,855,434; and 2,852,245. As one of the world's most well-known software companies, Plaintiff's FLASH® trademark has become a famous and well known symbol of Plaintiff.

110.   Since at least 1993, Plaintiff has exclusively and continuously used design marks consisting of a stylized letter "A" protected by USPTO Reg. Nos.: 3,652,388; 3,652,386; 3,652,387; 1,988,711; and 1,852,943. As one of the world's most well-known software companies, Plaintiff's "A" designs have become a famous and well known symbol of Plaintiff.

111.   Since at least 1990, Plaintiff has exclusively and continuously used the PHOTOSHOP® Trademark protected by USPTO Reg. Nos.: 3,702,607; 2,920,764; and 1,850,242. As one of the world's most well-known software companies, Plaintiff's PHOTOSHOP® trademark has become a famous and well known symbol of Plaintiff.

112.   Defendants are and at the time of their actions complained of herein should have known or had actual or constructive knowledge that Plaintiff is the registered trademark holder of Plaintiff's Trademarks. Indeed, Plaintiff's products bearing Plaintiff's Trademarks are used by billions of people worldwide.

113.   Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of these marks to deal in and commercially distribute, market and sell products into the stream of commerce marked with Plaintiff's Trademarks. Namely, Defendant

has sold altered, unauthorized unbundled, EDU, ESD, grey market, OEM and/or counterfeit software products and/or serial number license keys cards bearing Plaintiff's Trademarks and embodying Plaintiff's Copyrights. These infringing software bear spurious copies of Plaintiff's Trademarks, with are famous, and thus Defendants have infringed these trademarks.

114.   Defendants negligently, recklessly, or intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit and/or unauthorized products bearing Plaintiff's Trademarks.

115.   Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademarks, which are famous, and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit products bearing Plaintiff's Trademarks.

116.   Defendants' use and sale of fake, pirated and counterfeit items bearing Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff because, on information and belief, Defendants' counterfeit and/or unauthorized products bear spurious copies of Plaintiff's Trademarks, which are famous, because these trademarks have been placed on products identical to those under which Plaintiff sells its authentic products, because Defendants sell through the same channels of commerce and in the same markets used by Plaintiff to substantially the same customers whom are not likely to use a high degree of care in making purchasing decisions, and because Defendants negligently, recklessly, or knowingly adopted spurious copies of Plaintiff's Trademarks with the intent to cause consumer confusion.

/ / /

/ / /

117.     Indeed, for example, by selling serial number license keys meant for distribution with OEM products to customers on counterfeit serial number license key cards to decrypt downloaded full versions of Plaintiff's products, Defendants' customers receive the functionality of an OEM product with less technical support than that of a full version product. Thus, Defendants' customers have been misled by Defendants that the product they purchased will work as a full-version product, with full technical support, when this is not true.

118.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Trademarks became famous, and Defendants acted negligently, recklessly, knowingly, deliberately or willfully to trade on Plaintiff's reputation and to dilute Plaintiff's Trademarks.

119.     Defendants' sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine software marked with Plaintiff's Trademarks. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Trademarks by tarnishment, and are likely to impair the distinctiveness, strength and value of Plaintiff's Trademarks, and injure the business reputation of Plaintiff and its marks.

120.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

121.     Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Federal Copyright Infringement Against Defendants A & S ELECTRONICS, INC. D/B/A TRUSTPRICE; SPOT.ME PRODUCTS LLC; ALAN Z. LIN; BUDGET COMPUTER; COMPUTECHSALE, LLC; EXPRESSCOMM INTERNATIONAL, INC.; FAIRTRADE CORPORATION; FCO ELECTRONIC; ITR CONSULTING GROUP, LLC; RELIABLE BUSINESS PARTNER, INC.; LESTER WIEGERS D/B/A ULTRAELECTRONICS, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

122.    Plaintiff repeats and re-alleges every allegation set forth in the foregoing Paragraphs.

123.    Plaintiff is the exclusive owner of the works of authorship embodied in Plaintiff's software products, all copies thereof, and Plaintiff possesses copyright registrations with the United States Copyright Office relating to the same, including Plaintiff's Copyrights.

124.    Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials, including those protected by Plaintiff's Copyrights.

125.    Without permission, Defendants reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, distributing infringing software that are at a minimum substantially similar to Plaintiff's copyright protected works; namely, works protected by Plaintiff's Copyrights.

126.    Additionally, Defendants used, displayed and/or disseminated, without authorization, visual designs, displays, packaging, and images protected by Plaintiff's Copyrights and and/or embodies in the works of authorship protected by Plaintiff's copyrights, in order to sell, advertise or promote their sales of unauthorized and/or counterfeit versions of Plaintiff's products and/or components thereof.

127.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyrights, including Plaintiff's exclusive rights to reproduce, use, distribute and/or sell such

1    protected material.

2         128.    Defendants' direct and/or contributory copyright infringement as alleged herein

3    has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and

4    will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief,

5    damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

6         WHEREFORE, Plaintiff Adobe Systems Incorporated prays for judgment against

7    Defendants A & S Electronics, Inc., Spot.me Products LLC, Alan Z. Lin, Budget Computer,

8    Computechsale, LLC, Expresscomm International, Inc., Fairtrade Corporation, FCO Electronic,

9    ITR Consulting Group, LLC, Reliable Business Partner, Inc., Lester Wiegers d/b/a

10   Ultraelectronics, and Does 1-10, inclusive, and each of them, as follows:

11   A.  For an award of Defendants' profits and Plaintiff's damages in an amount to be

12       proven at trial for trademark infringement under 15 U.S.C. §1114(a);

13   B.  For an award of Defendants' profits and Plaintiff's damages in an amount to be

14       proven at trial for copyright infringement under 17 U.S.C. §501(a);

15   C.  For an award of Defendants' profits and Plaintiff's damages in an amount to be

16       proven at trial for false designation of origin and unfair competition under 15 U.S.C.

17       §1125(a);

18   D.  For an award of Defendants' profits and Plaintiff's damages in an amount to be

19       proven at trial for trademark dilution under 15 U.S.C. §1125(c);

20   E.  In the alternative to actual damages and Defendants' profits for the infringement and

21       counterfeiting of Plaintiff's trademark pursuant to the Lanham Act, for statutory

22       damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to

23       the rendering of final judgment;

24   F.  In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C.

25       §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff

26       will make prior to the rendering of final judgment;

27   G.  In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §

28       1203(c), for statutory damages pursuant to 17 U.S.C. § 1203(c), which election

1     Plaintiff will make prior to the rendering of final judgment;

2    H.   For an injunction by this Court prohibiting Defendants from engaging or continuing

3        to engage in the unlawful, unfair, or fraudulent business acts or practices described

4        herein, including the unauthorized use of any mark, copyright or other intellectual

5        property right of Plaintiff; acts of trademark infringement or dilution; acts of

6        copyright infringement; false designation of origin; unfair competition; and any other

7        act in derogation of Plaintiff's rights;

8    I.   For an order from the Court requiring that Defendants provide complete accountings

9        and for equitable relief, including that Defendants disgorge and return or pay their ill-

10       gotten gains obtained from the illegal transactions entered into and or pay restitution,

11       including the amount of monies that should have been paid if Defendants' complied

12       with their legal obligations, or as equity requires;

13    J.   For an order from the Court that an asset freeze or constructive trust be imposed over

14       all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

15    K.   For destruction of the infringing articles in Defendants' possession under 15 U.S.C.

16       §1118 and 17 U.S.C. §503;

17    L.   For treble damages suffered by Plaintiff as a result of the willful and intentional

18       infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C.

19       §1117(b);

20    M.   For damages in an amount to be proven at trial for unjust enrichment;

21    N.   For Plaintiff's reasonable attorney's fees;

22    O.   For all costs of suit; and

23    P.   For such other and further relief as the Court may deem just and equitable.

24   DATED: July 22, 2016                JOHNSON & PHAM, LLP

25                               By: /s/Christopher Q. Pham

26                               Christopher Q. Pham, Esq.
                                Marcus F. Chaney, Esq.

27                               Jason R. Vener, Esq.
                                Attorneys for Plaintiff

28                               ADOBE SYSTEMS INCORPORATED

**COMPLAINT FOR DAMAGES - CASE NO.: 5:16-cv-04144**

1

## DEMAND FOR JURY TRIAL

2          Plaintiff Adobe Systems Incorporated respectfully demands a trial by jury in this action

3   pursuant to Civil L.R. 3-6(a).

4

5   DATED:  July 22, 2016                              JOHNSON & PHAM, LLP

6
                                                       By: /s/Christopher Q. Pham
7                                                      Christopher Q. Pham, Esq.
                                                       Marcus F. Chaney, Esq.
8                                                      Jason R. Vener, Esq.
                                                       Attorneys for Plaintiff
9                                                      ADOBE SYSTEMS INCORPORATED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28