UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>A & S ELECTRONICS, INC., a California Corporation d/b/a TRUSTPRICE; SPOT.ME PRODUCTS LLC, a Nevada Limited Liability Company; ALAN Z. LIN, an Individual; BUDGET COMPUTER, a business entity of unknown status; COMPUTECHSALE, LLC, a New Jersey Limited Liability Company; EXPRESSCOMM INTERNATIONAL INC., a California Corporation; FAIRTRADE CORPORATION, a business entity of unknown status, FCO ELECTRONICS, a business entity of unknown status; ITR CONSULTING GROUP, LLC, a Texas Limited Liability Company; RELIABLE BUSINESS PARTNER, INC., a New York Corporation; LESTER WIEGERS, an individual doing business as ULTRAELECTRONICS; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:16-cv-04144-JST<br><br>[~~PROPOSED~~] PERMANENT INJUNCTION AGAINST DEFENDANT FCO ELECTRONICS, AND DISMISSAL OF DEFENDANT FCO ELECTRONICS<br><br>**Honorable Jon S. Tigar** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction & Dismissal ("Stipulation"), between Plaintiff Adobe Systems Incorporated ("Plaintiff"), on the one hand, and Defendant FCO Electronics ("FCO"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against FCO as follows:

1. **PERMANENT INJUNCTION.** FCO and any person or entity acting in concert with, or at its direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *United States Code* ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's trademarks (a list of which is attached hereto as **Exhibit A**) and copyrights (a list of which is attached hereto as **Exhibit B**) ( hereinafter "Plaintiff's Trademarks and Copyrights"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. copying or downloading, other than for personal or business use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, CREATIVE SUITE® and ACROBAT® marks and works, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

   c. importing, exporting, marketing, selling, offering for sale, distributing or dealing in any ADOBE®'s original equipment manufacture ("OEM"), international, and education or academic version products;

- 2 -
[PROPOSED] PERMANENT INJUNCTION & DISMISSAL – Case No.: 3:16-cv-04144-JST

    d. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff ADOBE®'s serial activation keys or numbers, other than for personal or business use;

    e. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff ADOBE®'s products that are intended to be sold only outside of the United States of America;

    f. registering any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE®, CREATIVE SUITE®, and ACROBAT® marks and works; and

    g. performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE®, CREATIVE SUITE® and ACROBAT® marks and works, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products.

  2. FCO is ordered to deliver immediately to Adobe for destruction all ADOBE® software products, serial activation keys, and related products in its possession, and any labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in its possession or under its control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in FCO's possession, other than such products that are for personal or business use and validly licensed and registered.

  3. This Permanent Injunction shall be deemed to have been served upon FCO at the time of its execution by the Court, and solely FCO shall be dismissed upon entry of this Permanent Injunction.

/ / /

/ / /

4. The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against FCO.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to an appeal thereof. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter related solely to Plaintiff's claims against FCO.

7. **DISMISSAL.** The Court hereby dismisses solely FCO from this action, with prejudice, upon entry of this Permanent Injunction against FCO.

IT IS SO ORDERED, ADJUDICATED and DECREED this __21__ day of __November__, 2016.

_____
HONORABLE JON S. TIGAR
United States District Judge
Northern District of California
San Francisco Courthouse